| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| CHAMBERS PREPARED ORDER | **FILED & ENTERED**<br><br>JUN 08 2015<br><br>CLERK U.S. BANKRUPTCY COURT<br>Central District of California<br>BY milano    DEPUTY CLERK |
| ☐ *Individual appearing without attorney*<br>☐ *Attorney for:* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION**

| In re:<br><br>**Vaheh Sahakian and**<br><br>**Edna Evazyan** | CASE NO.: 2:13-bk-20865-RK<br>CHAPTER: 7 |
|---|---|
| | **AMENDED**<br><br>ORDER ☒ GRANTING ☐ DENYING<br>MOTION TO AVOID LIEN UNDER<br>11 U.S.C.§ 522(f) (REAL PROPERTY) |
| | ☒ No hearing held<br>☐ Hearing held<br>Date:<br>Time:<br>Courtroom:<br>Place: |
| Debtor(s). | |

**Creditor Holding Lien to be Avoided** (*name*):  Citibank (South Dakota) NA

The Motion was:    ☐ Opposed    ☒ Unopposed    ☐ Settled by stipulation

Pursuant to 11 U.S.C. § 522(f), Debtor moved to avoid a judicial lien on real property claimed to be exempt.  The court finds and orders as follows:

1. ☐ Notice of this Motion complied with LBR 9013-1(d).

2. ☒ Notice of this Motion complied with LBR 9013-1(o).

   a. ☒ There was no opposition and request for hearing.

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2013*    Page 1    **F 4003-2.1.AVOID.LIEN.RP.ORDER**

b. ☐ Hearing requested and held as indicated in the caption.

3. The real property to which this order applies is as follows:

   a. Street address (*specify*): 7469 Alpine Way, Tujunga, California 91042

   b. Legal description (*specify*): ☐ See attached page

4. Recording information regarding lien to be avoided:

   a. Date of recordation of lien (*specify*): <u>June 17, 2009</u>.

   b. Recorder's instrument number or map/book/page number (*specify*): 20090910678

5. ☒ Motion granted:

   a. ☒ The judicial lien sought to be avoided impairs an exemption to which Debtor would otherwise be entitled under 11 U.S.C. § 522(d)

   b. ☒ The judicial lien is void and unenforceable:

      (1) ☒ In its entirety

      (2) ☐ In the following amount *only*: $ _____. The balance of $ _____ remains a valid and enforceable lien against the property.

6. ☐ Motion denied on the following grounds:    ☐ with prejudice    ☐ without prejudice

   a. ☐ Insufficient notice

   b. ☐ Insufficient evidence of the exempt status of the property in question

   c. ☐ Failure to comply with FRBP 7004(b)(3) or FRBP 7004(h).

   d. ☐ Insufficient evidence of fair market value.

   e. ☐ Motion is incomplete.

   f. ☐ Other (*specify*):

7. ☒ The court further orders as follows (*specify*): Pursuant to Fed. R. Bankr. P. 9024 and Fed. R. Civ. P. 60(a), the court on its own motion has reviewed the CM/ECF (Case Management/Electronic Case Filing System) files in this case pertaining to debtors' motion to avoid lien under 11 U.S.C. § 522(f) relating to the subject real property at 7469 Alpine Way, Tujunga, California 91042, ECF 54, prompted by the filing of debtors' motion to reopen case and application for order setting hearing on shortened notice. ECF 115 and 116, and it appears from this review, the order denying the lien avoidance motion, ECF 84, was based on a clerical error by the court in not noticing the appraisal for the property attached to the motion at least on ECF. The order on the lien avoidance motion stated that the motion was being denied because "The Motion is deficient because Movant attached an appraisal report and opinion in support of the motion for a property that is not the subject of this motion." The court may correct its clerical error by reviewing the motion as reflected on CM/ECF pursuant to Fed. R. Bankr. P. 9024 and Fed. R. Civ. P. 60(a). See also, 11 Wright, Miller, et al., Federal Practice & Procedure, § 2855 and n. .50 (3d ed., online ed. 2015)("Clerical mistakes and errors of oversight may be corrected at any time."), *citing, Sartin v. McNair Law Firm PA,* 756 F.3d 259 (4th Cir. 2014). Because a clerical error was made with respect to the lien avoidance motion, the court has reviewed its procedures for reviewing uncontested motions such as this one and believes that the error was made because a judge's copy of the motion was submitted pursuant to Local Bankruptcy Rule 5005-2(d) which had attached the appraisal report and opinion for a property different than the property in the subject lien avoidance motion and the court made an error in not checking the judge's copy of the papers with what was actually docketed on CM/ECF. Given that debtors through counsel filed eight similar lien avoidance motions in this case for various properties at about the same time, it is probable that counsel's staff attached the wrong appraisal report and opinion to the

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2013*                                            Page 2                                            **F 4003-2.1.AVOID.LIEN.RP.ORDER**

judge's copy of the lien avoidance motion for the subject property.  However, the court cannot at this time make this belief a definitive conclusion because the judge's copy of the papers was discarded after the order denying the lien avoidance motion was entered on September 18, 2013.  The order on the lien avoidance motion was originally proposed by debtors through counsel to grant the motion in the form of order which the court amended to deny the motion with the notation, "CHANGES MADE BY COURT," and with the explanation of the court's reasons for denial of the motion in the final order.  The CM/ECF docket entry for the order also notes that the order was denying the motion.  As counsel for debtors recited in the motion to reopen, he did not realize the motion was denied until this fact was brought to his attention by debtors on May 18, 2015.  Thus, the clerical error of the court was compounded by the fact that neither counsel nor debtors noticed the error when the order was entered in September 2013 with changes made in their proposed form of order and did not realize there was any error in the order until May 2015.   However, now that this error has been brought to the court's attention, the court is able to correct its clerical error and review the lien avoidance motion as filed and determine that relief is appropriate as set for in the motion, which was not opposed.

8.

☐ See attached page

### 

Date: June 8, 2015

_____
Robert Kwan
United States Bankruptcy Judge

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2013*  Page 3  F 4003-2.1.AVOID.LIEN.RP.ORDER